304

In the Matter of BARBARA J. CHANCE, Petitioner, *v.* FRANK'S BEAUTY SALON et al., Respondents.

Third Department, December 7, 1970.

*Irving S. Rinde* for petitioner.

*Francois Massa,* respondent in person.

*Per Curiam.* This is a proceeding initiated in the Appellate Division of the Supreme Court in the Third Judicial Department, pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated May 22, 1970, which modified an order of the Commissioner of Human Rights by deleting therefrom the sum of $500 awarded by the Division of Human Rights as compensatory damages for unlawful discriminatory practice and substituting therefor the sum of $1.50.

It appears that the board has taken the position that compensatory damages are limited to actual out-of-pocket expenses which issue has been litigated in the Second Department (*Matter of State Div. of Human Rights* v. *Luppino,* 35 A D 2d 107, 111).

We take a different view. While subdivision 4 (par. c, cl. [iii]) of section 297 of the Executive Law would appear to direct

that damages are to be awarded with a view toward effectuating the purposes of the Human Rights Law, it must be considered that the Legislature intended by the use of the words " compensatory damages " that such damages as are awarded be founded upon proof showing injury and be commensurate therewith. The courts have recognized that mental pain and suffering can be the basis for recovery of damages in the event of a breach of duty owed to the injured person, but such pain and suffering must be supported by probative evidence. (See *Battalla* v. *State of New York,* 10 N Y 2d 237; *Halio* v. *Lurie,* 15 A D 2d 62, 66, 67.)

Pursuant to the Human Rights Law the person whose civil rights are infringed upon could have commenced an action in the courts for an unlimited amount of damages. The procedures whereby the State Division of Human Rights, or its Commissioner may award compensatory damages are of relatively recent enactment and, therefore, the matter should be remitted for the purpose of permitting the petitioner to submit further proof of damages.

The Commissioner was in error in awarding $500 on the bare assertion by the petitioner that she was embarrassed. The board, however, arbitrarily deleted the amount, apparently on the assumption that the petitioner was only entitled to actual out-of-pocket expenses. Under such circumstances the failure to have probative evidence in the record in regard to mental anguish was through no fault of the petitioner.

The order of the Appeal Board should be annulled and the matter remitted to the Division of Human Rights for further proceedings not inconsistent herewith, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and COOKE, JJ., concur; REYNOLDS, J., not voting.

Order of the Appeal Board annulled and matter remitted to the Division of Human Rights for further proceedings not inconsistent herewith, without costs.